
FILED
2/5/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OMAR MEDINA ALEJANDRO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-0262 (UNA) |
| ) | |
| UNITED STATES GOVERNMENT, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

This matter is before the Court on its initial review of the plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. Under the statute governing *in forma pauperis* proceedings, the Court is required to dismiss a case "at any time" it determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2).

Plaintiff devotes dozens of pages to a discussion of the chemical castration of convicted child molesters under the laws of California and other states, including Florida, Iowa, Georgia, Louisiana, Montana, Oregon, Texas, Wisconsin, and Alabama. He takes exception to a state's authority to impose such punishment even though, he states, he is not a child molester. He alleges that the chemical castration law increases the risk that U.S. prisoners of war will be mistreated, encourages the "targeting of other groups and classes in society today," and "negatively affect[s]" "[e]verybody" in the United States. Dkt. 1 at 2. Beyond challenging the use of chemical castration, plaintiff raises an array of concerns, such as the use of "infrared technology" by psychologists in a manner that can cause "human cells [to] mutate[]," the invasion of "his privacy at home," the forcing of "verbal child porn on the individual's brain," "the indirect classification of being labeled a child molester by unprofessional psychologists,"

and "unprofessional psychologists trying to figure out if the individual is a closeted child molester."  *Id*. at 4.

Having reviewed plaintiff's lengthy musings on the topics of chemical castration, child molestation, mental health, privacy, prisoners of war, and the human brain and the diagrams he incorporates, the Court concludes that the complaint's factual allegations are irrational or wholly incredible, rendering it subject to dismissal as frivolous.  *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."); *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind.").

The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

A separate order will issue.

/s/
RANDOLPH D. MOSS
United States District Judge

DATE: February 5, 2021